**CASE NO. 25-1863**

## IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

ESTATE OF GEORGE BERNARD WORRELL, JR.,

Appellant,

v.

THANG, INC. and GEORGE CLINTON,

Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

E.D. MICH. CASE NO.: 4:22-CV-11009

**APPELLEES' PETITION FOR PANEL REHEARING**

Daniel D. Quick (P48109)
Dickinson Wright, PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com


Jonathan B. Koch (P80408)
200 Ottawa Ave., NW, Suite 900
(616) 336-1076
jkoch@dicksinsonwright.com
Attorneys for Plaintiff-Appellant

James P. Allen, Sr. (P52885)
Peter E. Doyle (P81815)
Schenk & Bruetsch, PLC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
(313) 774-1000
james.allen@sbdetroit.com
peter.doyle@sbdetroit.com

Erik W. Scharf
The Scharf Appellate Group
1395 Brickell Ave., Ste. 800
Miami, FL 33131
(786) 382-7611
erik@appealsgroup.com

**INTRODUCTION**

In this case, plaintiff the Estate of George Bernard Worrell, Jr., sued for copyright co-ownership of 264 different Sound Recordings created between 1969 and 1981. (SJ Order, R. 170, PageID.5207). The district court granted summary judgment to defendants, finding that the Estate's claims to all of the Sound Recordings were barred by the statute of limitations. Slip Op. at 6. On appeal, this Court determined that, "[v]iewing the case's highly unusual facts in the light most favorable to the Estate, *part of Worrell's copyright-ownership claim* is timely." *Id*. at 3 (emphasis added). Under this Court's analysis, the vast bulk of the Estate's claims remain untimely, and the district court's judgment was affirmed as to those Sound Recordings. Yet this Court described its ruling by saying it would "REVERSE the district court's judgment and REMAND for further proceedings." *Id*. Similarly, the Court's Judgment provides that, "it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court." Judgment. We respectfully request that the Court amend its description of its holding and the associated Judgment to reflect the analysis in the Slip Opinion – the judgment below was Affirmed in Part, Reversed in Part, and Remanded for Further Proceedings.

**ARGUMENT**

1.      Because the Estate's claims have always been tied to what this Court has termed "the 1976 Agreement," legal analysis of those claims has been similarly tied to that document.  Thus, the district court held that "Plaintiff's theory that repudiation of the contract was the first time Worrell's ownership rights were repudiated does not plausibly account for the works that were created from 1969 to 1975, before the effective date of the contract on January 1, 1976."  (SJ Order, R. 170, PageID.5219).  The Court's Opinion does not disturb that analysis.

As the Court described its holding:

> Although the Estate has successfully pointed to facts potentially rendering this the rare case in which a copyright-ownership claim may be brought a half-century after-the-fact, ***our reversal of the district court's ruling does not encompass the ownership claim in its entirety***, which covers P-Funk recordings created between 1969 and 1981. See D. 28 (Appellant Br. at 8). Our statute-of-limitations holding, which is grounded in Worrell's reliance upon and defendants' actions in accordance with the 1976 Agreement, is constrained by the terms of the Agreement itself. The Agreement, in turn, would have affected at most ownership of recordings made between January 1, 1976 and January 1, 1979.

Slip Opinion at 14 (emphasis added).  The Court affirmed the district court's rationale for those outside-the-scope-of-the-1976-Agreement Sound Recordings. *See id*. at 15 ("What all this means is that for recordings made outside of the scope of the 1976 Agreement, Worrell stands in the same position as the plaintiff in *Santa-Rosa* and cannot point to why he could have reasonably believed that Clinton and Thang were permitted to take advantage of his co-ownership in those recordings.

Worrell's ownership claims to those recordings accrued, at the latest, after Clinton's 1984 bankruptcy when he and Thang continued to fail to pay any royalties owed. *See Everly*, 958 F.3d at 452.").

Other portions of this Court's opinion similarly make clear that the scope of remand is limited to those Sound Recordings arguably within the ambit of the 1976 Agreement. *See* Slip Opinion at 16 ("This late-in-the-game accrual, however, turns on the 1976 Agreement, and thus is confined by a reasonable interpretation of the Agreement's terms, which do not encompass every recording Worrell worked on between 1969 and 1981. Rather, it covers (at most) recordings Worrell worked on during the three years beginning on January 1, 1976."); *id.* at 23 ("Whether the statute of limitations applies to songs within the ambit contemplated by the 1976 Agreement and whether Worrell was a co-author and co-owner of those songs are live issues for a finder of fact to decide.").

Under these circumstances, where the vast bulk of the district court's judgment remains intact, we respectfully submit that a Reversal-In-Part more accurately describes the Court's analysis. We therefore ask that the language of the disposition and the appellate Judgment more closely reflect the analysis in the Opinion.

2.    We recognize that the Reversed-In-Part appellate disposition arises most frequently in cases where there are multiple claims or multiple parties, and a

3

discrete part of the judgment against one claim or party survives appeal. But in this case, plaintiff has sought co-ownership of 264 different Sound Recordings. Although those claims were joined into one count of the complaint, an individual determination has to be made as to plaintiff's co-ownership of each of those Sound Recordings, and the final judgment in this case will need to reflect those individual determinations. This Court's Opinion leaves in place the district court's judgment as to a vast majority of those Sound Recordings, rendering the Reversed-In-Part disposition most appropriate here.

3.    We also recognize that the Court may wonder why the correct terminology is sufficiently important to require rehearing and whether any practical consequences turn on the distinction. At minimum, the Court's disposition will determine who bears appellate costs in this case. *Compare* Fed. R. App. P. 39(a)(3) ("if a judgment is reversed, costs are allocated against the appellee") *with* Fed. R. App. P. 39(a)(4) ("if a judgment is affirmed in part, reversed in part, modified, or vacated, each party bears its own costs"). We respectfully submit that alone is sufficient grounds for the Court to act.

## **CONCLUSION**

This Petition for Panel Rehearing should be granted, and the Court's Opinion and Judgment should be modified as requested herein.

Respectfully submitted,

4

By: /s/ James P. Allen Sr.

James P. Allen Sr.
Peter E. Doyle
Schenk & Bruetsch, PLC
211 W. Fort St., Ste. 1410
Detroit, MI 48226
(313) 774-1000
James.allen@SBDetroit.com
Peter.doyle@SBDetroit.com

Erik W. Scharf
The Scharf Appellate Group
1395 Brickell Ave., Ste. 800
Miami, FL 33131
(786) 382-7611
erik@appealsgroup.com

5

**<u>CERTIFICATE OF COMPLIANCE</u>**

I CERTIFY, pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure that the foregoing *Appellees' Petition for Panel Rehearing* contains 928 words (excluding the cover page, corporate disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block and certificates), and complies with the type-volume limitations of the Federal Rules of Appellate Procedure and this Court's local rules.

/s/ James P. Allen Sr

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that, on June 10, 2026, the foregoing *Appellees' Petition for Panel Rehearing* was served via CM/ECF upon counsel of record.

/s/ James P. Allen Sr.